yes your honor good morning may it please the court my name is Michael Balaban I represent plaintiff mr. Curley Michael Curley and I mean getting right to the point in this case the city has made clear that this was not a good employee you know and I've been doing employment law a number of years I can't disagree with that he threatened employees other misconduct etc there's a long record of it dates back to 2003 at least maybe prior to that but again we the Americans with Disabilities Act and you just don't stop the analysis there and say oh well this this was a lousy employee he deserved to be fired I mean in employment as you probably know there's a will doctrine they had the right to terminate him for any reason or no reason at all but the record here shows that it wasn't until he filed the EEOC claim about the accommodation requested formal accommodation then all of a sudden he gets a written reprimand and and then from there he's terminated and here I mean the city says well there's no specific evidence to support your case well there is really specific evidence when the day the city suspended him for for threatening employees and whatnot they they sent him to their own doctor dr. Johnson to for evaluation and and what doctors Johnson was trying to do is figure out was he fit to work but why is so why is the question that dr. Johnson was looking at relevant here at all so dr. Johnson as I understand it was trying to figure out whether he was an actual danger to himself or others but isn't it a valid basis for an employer to fire someone for making threats and scaring his co-workers even if it's just threats and he's not an actual danger yeah well I mean there is but again on this summary judgment stage as you know all we have to do is present an issue of fact for the jury and again they they they had that same I mean I think why they did it is they wanted to support their decision to terminate him and the decision from the doctor came out exactly opposite of what they wanted so so I how I understand so I mean say they had nine reasons to terminate him and they were looking for number 10 and it turns out number 10 didn't pan out but they've still got nine and why does the fact that 10 which is sort of irrelevant anyway how does that undermine the nine well again we're I'm not saying here that they didn't have reason to terminate him again as a at-will employee they could have had any reason no reason at all but how the timing works and whatnot is you know once you file a discrimination claim then the employer does have a burden to show that there that that it wasn't only pretext the reasons they're giving and I think the fact that if they're really concerned about him being a threat to other employees and whatnot and the doctor says no he's not a threat he can go back but they weren't really concerned he was a threat that's my point they were concerned that he was making threats whether he was actually a danger is really a separate issue isn't it well I mean my understanding that he was that he was making threats because he might carry him out I mean that's the logical conclusion I draw from that and I think they sent him to dr. Johnson to try to clarify that issue I mean again he it sounds like he has real psychological problems here I'm not discounting that either but again he you know he he has never actually been violent I he's you know he has the doctor says obsessive-compulsive disorder avoiding behavior behavior patterns so again he does have psychological problems but again the happening for years right after he filed the CEO C complaint and formally requested accommodations that's when all this happened so you argue that that timing and this dr. Johnson evaluation undermine the reason for firing and that was based on threats but the city had other reasons for firing him too they also had the issue about him talking on his cell phone at work and soliciting business for his private side business was there any evidence that mr. Curley presented that undermined either of those other two reasons not that I really know of I mean you know those would probably have been valid reasons I mean again and to create I mean to defeat summary judgment don't you need to create a genuine issue as to each of the city's reasons and so there are two reasons that you haven't done that for I mean it's not in my experience it's not unusual for employer to create to say a number of reasons some of what may even be valid but they're really they're minor reasons they're just using it as pretext and and again I what's your evidence that those I would get back to the point that again there's a long record here of him back to 2003 I mean this is this was an employer that employee that repeatedly had violations what he was never suspended for any of them so they were probably not that serious but again he you know let's let's talk about the seriousness of it last week opposing counsel filed with the court or submitted to the court some charging documents and conviction documents for your client now those are not part of the record in this case but the court can at times take additional notice of these types of documents my first question to you on those documents is do you can test at this stage the validity of what Miss Morgan submitted to the court do you think they're they're not what they seem to be no I and I actually had a talk with my client on him so I well yeah don't tell us what obviously don't tell us what you discuss your client about it but okay so is there any reason why that you can think of that we could not take judicial notice of the well my my argument on those is relevance I mean that you're supposed to consider whether it was a wrongful termination or termination and violation the ADA here at the time it happened this is long after but there's the doctrine of after acquired evidence in in employment cases well that's what I want to that's what I want to see here so if you were to prevail in this case let's say some more judgment should not have been should not have been granted it went back could the couldn't the district court simply say okay but even if the city had no idea the stockings going on it now knows that by virtue I have a guilty plea to stocking it was going on and that would be a grounds to terminate him even if the reason were in the first place because he had filed the claim well again but that would have happened the stocking I know it go it actually I don't remember back to when he was employed there but right but I think the I think they're talking about the same occurrences that we're talking about in this record as far as you know him making threatening calls and whatnot I and you haven't disputed those anyway right that he's made no we have not disputed those so I mean I you know my understanding the case I mean Mr. Curley and and I don't even think there's an issue on whether he was disabled I know the court said he wasn't but I don't even think there's an issue there under the ADA but I mean why I think Mr. Curley got so roused and stuff here is that he had a serious hearing problems and this Vactor machine is a very loud machine and it was continuing to deteriorate its hearing is there any evidence in the record of what you just said is there so might be a question if we even get past this pretext issue about whether the accommodation the city suggested of the dual hearing protection was reasonable and I couldn't find anything in the record after they told him to use dual hearing protection saying that it was still deteriorating his hearing well I mean I think some of the medical reports from the audiologist and stuff would say can you point to any specific page that says that dual hearing protection wasn't enough I can't at this you know off the top of my head but I think it got into that issue and whatnot I'd like to go back to something from before too so you've been arguing that because he had this past record of discipline but wasn't fired we should presume something about the fact that the timing later coincided with his other complaints but the leniency in the past to show pretext that summary judgment is there any reason why we shouldn't follow the crow case well I mean again I you know I think it gets back to my first argument that hey you got to look at stuff on its facts and again since they put up with it it would indicate to me that it wasn't all that big a deal to him so I mean if that was the case whenever somebody was not a good employee and had a record of discipline at any time the employer could terminate them and more or less be absolved from any liability for discrimination because the employer would always come back and say hey you know he's had discipline in the past there was no reason to terminate him we're not even going to look at the timing issues or whether the discrimination had anything to do with it I don't know if I can I reserve two minutes for rebuttal I don't know if you can reserve four minutes if you'd like you have well if you have any more questions I'll answer them at this time if not I'll reserve the rest of the time very well counsel thank you okay thank you Ms. Morgan good morning may it please the court my name is Sandra Douglas Morgan I'm the city attorney for the city of North Las Vegas just to actually go into the most recent issues I would request that the court take judicial notice of the correspondence that I forwarded on September 2nd but how is that relevant to what happened there the appellant's allegation is that there is no genuine issue of material fact Judge Shorter with respect to whether or not the city of North Las Vegas had a legitimate objective reason to terminate Mr. Curley and we have said all they didn't did they know about the conviction then the court did not however they had testimony of over seven to eight employees right so that's what we should look at isn't it in deciding this appeal I do think you need I do think you should look at that however when I became aware of the actual guilty plea agreement signed by the appellant acknowledging that he did commit criminal acts involving at least eight employees their families their spouses since February 1st of 2009 which is actually includes the time that he was terminated with the city all the way up until December of 2013 continually to braid those employees for over a five-year period I think that is relevant your honor I would have to disagree with you if you don't think it is he's actually admitted to committing a crime while he was terminated well that wasn't really the I mean it was one of the reasons right so one of the reasons was he had been making threats the other two reasons was that he was doing he had a secondary employment policy but he was also taking phone calls while he was supposed to be working and additionally he was I just faced the third reason he was taking additional phone calls he was violating at least a minimum of eight standards of conduct and soliciting business for his other side business you don't really need the conviction do you know I do believe we have a several legitimate objective basis in addition to that I just when I found out about it I mean I am I was not the city attorney at the time the case was filed I know that my office in the criminal division was covering it and when I received notice of the secondary hearing I called the clerk and said you know this is something I think absolutely but I do think that goes to there is no issue of material fact and it's something that's mentioned in the appellant's opening brief and the reply brief that a jury could potentially decide this issue in favor of curly I would submit that that's not no longer an issue of fact he also said nothing could be further from the truth that he made those violent threats to his co-workers that cited an appellant that were an issue if we were determined that it were that it was an issue of fact at the time the district court decided this case we might send it back and you and in the district court could look at all this yes yes I would say that your honor however I do think let's let's put aside the actual criminal guilty plea agreement that is now executed the city's brief the answering brief actually cited a case law on the first first sixth and seventh district that supports the city's notion that appellant is not a qualified employee because of threats of violence to other co-workers and those cases Kayla vs. Gillette in the First Circuit Sullivan vs. River Valley School District and two cases in the Seventh Circuit that side in our brief they actually mentioned that co-workers fear from safety of another co-worker that's simply uncooperative and provocative and hostile I believe that the things that we've alleged even at the district court level will well beyond that and that's something that currently we do not have in the Ninth Circuit that I the city would submit should actually become law he's not a qualified an individual and able to perform the essential functions of the job because those threats of violence alone disqualify him so I actually agree with you about that but I don't understand given that why the city sent him for the fit-for-duty evaluation I think that the city's leniency is now being thrown back in our face we had this is not a progressive discipline matter so the fact that he was not suspended back in 2003 or 2004 should not be an issue we went through we had written reprimands an actual settlement agreement with the appellants union is actually included in the record as well we went and did every single step maybe did too much of and hope to make things work but if it fit for duty was just probably another check on the box to make sure we covered all of our bases I don't think that the city has to wait until someone is actually harmed to be able to terminate someone these threats alone were enough and I know that it's not technically part of the record but it is we would request the court to take additional notes of the fact that there were several firearms actually found in the house and that there is no proof of any pretext that the appellant has given additionally justice Freeland you asked whether or not there was any additional evidence to support his claim of a disability there has been nothing submitted since that 0% personal permanent partial disability rating given back in 2007 and when asked his deposition if he had any supplemental medical reports he said no so there's nothing in the record to reflect that he was actually disabled or that the accommodation or even if we thought he was disabled I didn't say anything that the dual hearing protection would be an unreasonable accommodation of that disability and I just would like to quickly address some of the arguments with regard to the interactive process he came and asked for an accommodation okay even though there was the city never went ahead and admitted that he was disabled the city acted properly and did not delay in exploring any potential accommodations as alleged by the appellant he submitted his request in writing on January 16th and that's in the excerpt of the record on page 26 we actually had a meeting the city had a meeting with him on January 28th and responded in writing on February 4th and that's in the record on page 31 recommending the dual hearing protection less than one week later when he had those dual earmuffs on is when he verbally assaulted his co-worker so to make the argument that there was no interactive process we didn't have a chance to get to it because we already had three legitimate objective reasons to go ahead and recommend the adverse act employment action which ultimately became termination council I had a factual question which is probably immaterial to this case but I noticed that the issues with this employee started in 2003 the record says that he then got this position in 2005 do you know I assume this is before your time as city attorney but do you know why after several incidents in 2003 and 2004 then he actually got this job in 2005 well there was a reclassification of positions around that time and that's when he actually complained that some other employees were making more money that was in his deposition testimony they reclassified people I think he was some type of he wasn't necessarily a pretreatment inspector it was some type of utility general utilities department that was really off the topic when we were collecting waste from the city of Las Vegas and we shared in their treatment plant and so we needed all those people anyone that could even potentially have training with regard to industrial waste to be trained to operate these backers truck these vacuum trucks and also obtain an industrial waste certification and that's why his job classification so it wasn't really a new job it was just like a new title or new training it wasn't a promotion no okay thank you are there any other questions thank you counsel yes just briefly I mean it's this was this is an unpopular defendant I I mean a plaintiff I agree I mean he and defended in the criminal case but yeah okay but but again that doesn't mean we don't have ADA law discrimination law again I don't think summary judgment was followed here the procedure the the Supreme Court has said as recently as May of this year in toll toll inverse cotton that a judge judges function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial summary judgment is inappropriately is appropriate only if the moving movement shows that there is no issue as to any material fact in the movement the movement is entitled to judgment as a matter of law and making the determination a court much must view the evidence in the light most favorable to the opposed opposing party and here again if you look at the evidence you look at this substantial I think the evidence of the dr. Johnson report and the and the fact that the same behavior happened for years again I you know didn't the behavior actually get worse though I mean so after this interactive process about the accommodation request he he was wearing the dual hearing protection he starts threatening his co-workers arguably in a worse way at that point I don't know I mean it was it was there was incidences before that were pretty bad and they did nothing about it so again I you know I think if if it goes to trial yes the jury might decide against us but I think my client has that right to have a jury and I think on this record at a minimum there is issues of material factor and if you have no other questions thank you thank you very much counsel the matter is submitted
judges: SCHROEDER, OWENS, FRIEDLAND